# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS A. REITER, II | CIVIL ACTION |
| vs. | |
| WASHINGTON MUTUAL BANK, et al. | NO. 10-2192 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**  JULY 5, 2011

Presently before the Court is Plaintiff, Nicholas A. Reiter II's ("Plaintiff") Motion for service by a United States Marshal ("Service Motion") and Plaintiff's Motion for a Temporary Injunction against Wells Fargo Bank to stop all eviction proceedings. For the reasons stated below, we will deny Plaintiff's Motions and we will dismiss this case.

## I. FACTS

On May 10, 2004, Wells Fargo Bank filed a Complaint in Mortgage Foreclosure against Plaintiff in the Court of Common Pleas for Bucks County for property located at 2910 Tyler Avenue, Bensalem, Pennsylvania 19020. The Court of Common pleas found in favor of Wells Fargo Bank on April 15, 2008. A Sheriff's Sale was scheduled to take place on May 14, 2010. Plaintiff filed his original Complaint in this Court on May 12, 2010. In his Complaint, Plaintiff alleged numerous constitutional violations on the part of Washington Mutual Bank ("Washington Mutual"), Wells Fargo Bank ("Wells Fargo"), and the Bucks County Pennsylvania Court System ("Bucks County"). Plaintiff further alleged that Washington Mutual and Wells Fargo committed criminal acts against him. Lastly, Plaintiff sought an "Emergency Injunction to Permanently Stop the Pending Sheriff's Sale," which the Court denied by Order dated May 13, 2010. The Court noted in its Order that it lacked authority to issue an injunction due to the Anti-Injunction

Act, 28 U.S.C. § 2283.[1] Following the Court's denial of Plaintiff's request for an Emergency Injunction to stop the Sheriff's Sale, Plaintiff filed for Bankruptcy under Chapter 13 of the Bankruptcy Code, which stayed the enforcement of the foreclosure proceedings. At some time after Plaintiff's bankruptcy case was dismissed, Wells Fargo began eviction proceedings against him. Plaintiff filed an Amended Complaint on June 10, 2011 containing substantially the same allegations as those in his Complaint set forth in greater detail. On June 21, 2011, Plaintiff filed the instant Motions. Plaintiff has yet to perfect service upon any of the Defendants named in this action.

## II. DISCUSSION

As stated above, Plaintiff seeks a temporary injunction to cease eviction proceedings against him. However, we find that we are unable to grant the relief requested in this Motion or in Plaintiff's Amended Complaint under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine prevents "inferior" federal courts from sitting as appellate courts for state court judgments. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) (citing Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)). The doctrine takes its name from two Supreme Court cases, viz., Rooker v. Fidelity Trust Co., 263 U.S. 412 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Id. at 580 n. 13. The Rooker-Feldman doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court." Id. at 580. Since Congress has never conferred

---

[1] The Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

2

a similar power of review of the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions. Id. The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Id. Although § 1257 refers to orders and decrees of the highest state court, the Rooker-Feldman doctrine has been applied to final decisions of lower state courts. Id. Thus, a claim is barred by Rooker-Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. Id. In either case, Rooker-Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

The Supreme Court has recently explained the parameters of Rooker-Feldman in Exxon Mobil v. Saudi Basic Indust. Corp., 544 U.S. 280 (2005). There, the court stated: "[t]he Rooker-Feldman doctrine [] . . . is confined to cases . . . brought by state-court losers complaining of . . . state court judgments rendered before the [federal] proceedings commenced and inviting [federal court] review and rejection of those judgments. Rooker-Feldman does not otherwise . . . allow federal courts to stay or dismiss proceedings in deference to state-court actions." 544 U.S. at 283-84.

In this case, Plaintiff's challenge against the mortgage foreclosure was actually litigated in the Bucks County Court of Common Pleas prior to filing the federal court action and Plaintiff lost. Furthermore, Plaintiff's constitutional claims are inextricably intertwined with the state

3

court adjudications.

> A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment . . . In other words, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

In re Knapper, 407 F.3d at 581 (citing Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004) (citations, internal quotations and ellipses omitted)). Here, Plaintiff insists that the court erred in its judgment and demands that we "permanently and unambiguously overturn[] and strike[] from all records" the state court's decision. (Am. Compl. at 6.) Additionally, Plaintiff demands that we "immediately reverse" the foreclosure ordered by the state court. (Id.) The constitutional claims which Plaintiff raises succeed only to the extent that the state court wrongly decided the issues before it. The Third Circuit has held that these types of constitutional claims are prohibited by Rooker-Feldman. See, e.g. Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998). Thus, Plaintiff asks us to determine that the state court judgment was erroneously entered into and to grant relief in the form of a temporary injunction that would prevent a state court from enforcing its orders. Under Rooker-Feldman, this is relief which we are without power to grant. Furthermore, since we are deprived of subject matter jurisdiction over Plaintiff's claims, we hereby dismiss this case.[2]

An appropriate Order follows.

---

[2] As we are without subject matter jurisdiction to adjudicate this dispute, we will not order the United States marshal or deputy marshal to effect service.